DEN EX DEM. WHITE ET UX. v. HOLTON ET AL.*

GREEN, C. J. The lessor of the plaintiff claims title to the premises in question in right of his wife, as *heir-at-law* of Jonas Hendrickson. The defendants claim title by *devise* from the said Jonas Hendrickson to his son Eli, who conveyed to Huckerly, one of the defendants. The only question is, whether the premises passed to Eli Hendrickson by devise from his father Jonas. Jonas Hendrickson, by his will, devised to his son Eli, in fee, all the plantation whereon the testator then lived, subject to be leased for twenty-one years after the death of the testator, by his executors, for the payment of debts and legacies.

The will further provides, that if Eli should die before the expiration of the said lease, the plantation shall go, after the expiration of the lease, to the testator's son *Israel;* and if *he* also should die before the expiration of the said lease, then to the testator's son *Andrew.*

And by a subsequent item of the will, inserted after the attestation clause, it is provided, that if Eli should die before the expiration of said lease, then the house and lot called Oak island, with its appurtenances, should go to the testator's son *Andrew.*

The remainder of testator's real and personal estate was, by the will, ordered to be sold by his executors for the payment of debts and legacies.

The premises in dispute are the house and lot called Oak island. This lot was not in fact a part of the plantation, but, as appears by the evidence, was separated from it by a narrow strip of meadow, and was sometimes mowed by the testator, and the hay taken to the barn on his plantation.

The material inquiry, however, is not whether Oak island was attached to the plantation, or formed a constituent part of it, but whether, by the devise to Eli, the testator intended to pass it. I think no serious doubt can arise upon the face of

* This case was inadvertently sent to the printer, and is printed (*ante p.* 330) without the opinion of the CHIEF JUSTICE, which was concurred in by OGDEN, J., and it is therefore inserted here, as part of the report of the case. —REPORTER.

the will itself that the testator intended to pass Oak island by the devise to Eli. He devises a certain part of his lands, which he terms his plantation, to his son Eli, subject to a lease of twenty-one years; but in case of Eli's death before the expiration of that lease, he devises certain land, by the same general description, over, first to his son Israel, and then in the event of *his* death, to his son Andrew. And upon the same contingency, to wit, the death of Eli before the expiration of the lease, he devises the lot in question to Andrew. Can there be a reasonable doubt that all the lands thus devised over upon the contingency of Eli's death before the expiration of the lease, were coupled in the mind of the testator with the title of Eli, and the power of the executors to lease? It was said, with much plausibility upon the argument, that the testator could not have regarded Oak island as a part of the plantation, because he has then limited over Oak island upon the same contingency, to wit, the death of Eli, both to Israel and to Andrew. If the two clauses stood in the will in juxtaposition, there would certainly be much weight in the suggestion. But the position of the clause containing the limitation of Oak island to Andrew shows that it was added after the will was completed, either for the purpose of supplying an omission, or altering some disposition in the will. But the clause was not added for the purpose of supplying an omission, for the testator had, by his will, disposed of the whole of his real estate ; a part of it, under the name of " the plantation whereon I now live," he had given to Eli, all the remainder of it he had ordered to be sold by his executors. There was no *omission* to dispose of any part of the land ; it was all disposed of. Oak island must have been included either in the plantation devised to Eli, or in the residue ordered to be sold by the executors. If, in the view of the testator, it was a part of the residue ordered to be sold, why did he not devise the entire interest in Oak island to Andrew? Why couple the devise over to him with the death of Eli, who upon that hypothesis had no interest whatever in the land ?

The fact that the devise over is made upon the contingency of the death of Eli pending the lease, upon the very contin-

gency upon which he had devised over the residue of the land given to Eli, shows, to a moral certainty, that the testator regarded Oak island as a part of the land included in the devise to Eli, and that the clause devising that lot over was added to the will, not for the purpose of supplying the omission by disposing of land not previously devised, but for the purpose of altering the disposition of a part of the land devised over upon Eli's death, to wit, by giving the small lot called Oak island to Andrew, leaving the bulk of the plantation to pass over upon Eli's death under the original devise to Israel. It may be said, in the language of Lord Mansfield, that " it appears clearly, upon the very words of the whole will taken together, that there can be no doubt of the testator's intention that the devise to Eli included Oak island ; and this makes an end of the question upon the fundamental merits of the case." 2 *Burr.* 923.

I am of opinion, therefore, upon the question reserved by the judge at the circuit, that it is apparent upon the face of the will, and is a necessary result of its fair legal interpretation, that Oak island was meant and intended by the testator to be included in the devise to his son Eli; that although not a constituent part of the plantation, or immediately connected with it, yet lying contiguous and being used with the plantation, it may, without violence to the ordinary use of language and to its common acceptation, be included in the general terms of the devise, such being obviously the intent of the testator ; that the evidence offered upon the trial cannot affect or alter the construction of the will, and that the verdict is consequently against law and against evidence, and must therefore be set aside.

If this view of the case needed corroboration, it would be found in the fact, that unless this construction be adopted, the testator made no devise whatever of that part of his estate called Oak island, except upon a contingency which has never occurred, and that the whole practical effect of adding the last clause to the will has been to render the testator intestate as to the premises in question. It is proper to add, in this connection, that I attach little importance to the language of the

introductory clause of the will, in which the testator intimates his intention to dispose of all his property. Similar clauses, I am aware, have often been resorted to as evidence of the testator's intention not to die intestate as to any part of his estate. Whatever weight such an argument may have been entitled to at a remote period, and among a people of different habits of thought and action, but little weight can be attached to it at present. It may be safely affirmed, as a general proposition, that no individual who makes a will intends to die intestate as to any portion of his property. It would defeat the very object that every testator has in view in making his will, to wit, a just and beneficial distribution of all his estate among those having claims upon his bounty. The mere fact, therefore, that an individual makes a will at all, raises a far stronger presumption that he means to dispose of his whole estate, and not to die intestate as to any part of it, than any general declaration of his object in making the will, which is, in most cases, at best a mere formula, with which the scrivener has more concern than the testator.

The view which has been taken of the effect of the devise to Eli, as vesting in him a title to Oak island by *express* devise, excludes the idea of his taking title by *implication*. If, however, the terms of the devise to Eli were such that Oak island could not be included within them, and could not therefore pass by express devise, I should have no hesitation in holding that Eli would take an estate in fee by implication under the devise over to Andrew, contained in the last clause of the will. That clause, in itself, raises so strong a probability of intention in the testator to devise Oak island to Eli, that a contrary intention in the mind of the testator cannot be supposed, and therefore brings the case within the strictest definition of necessary implication. *Wilkinson* v. *Adams*, 1 *Vesey & B.* 466.

A less estate may not only be *enlarged* to a fee, but a fee simple may be *created* by implication. Thus a devise over to B. on the dying of A. before twenty-one, shows an intention that if A. attains the age of twenty-one, he should have a fee, and he

takes it by implication. 4 *Kent's Com.* 541 ; 2 *Bl. Com.* 381 ; 2 *Preston on Est.* 252.

In either view of the case the verdict is erroneous, and must be set aside. And in order that the plaintiff may, if he desire it, have an opportunity of reviewing the opinion of this court, a new trial must be ordered, otherwise let judgment be entered for the defendant *non obstante veredicto.*

OGDEN, J., concurred.